# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GYAN KUMAR MANGAR, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DAMON ACUFF, )<br>)<br>Respondent. ) | CIVIL NO. 18-cv-2178-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Gyan Kumar Mangar, a native of Bhutan, is currently being held at the Pulaski County Detention Center in Ullin, Illinois, pending his removal from the United States. (Doc. 1). Mangar has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention by Immigration and Customs Enforcement ("ICE"). (Doc. 1, p. 1). This matter is now before the Court for a preliminary review of the Petition.

## Discussion

An immigration law judge determined that Mangar was removable on May 29, 2018. *Id*. Mangar argues that his ongoing detention is improper because he has been detained pending removal for longer than the six months that is presumptively allowed under *Zadvydas v. Davis*, 533 U.S. 678 (2001). He requests release. *Id*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the Petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule

1(b) gives this Court the authority to apply the rules to other habeas corpus proceedings, such as this action.

The Court's preliminary review suggests that the Petition cannot be dismissed at the screening stage, as Mangar alleges that his ongoing detention violates certain constitutional provisions and 8 U.S.C. § 1231(a)(6), and that he has been in custody for more than 6 months – the presumptively reasonably period. *Zadvydas*, 533 U.S. at 701. Accordingly, the Petition will proceed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for a writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Damon Acuff shall answer the Petition within thirty days of the date this Order is entered. This Order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments he may wish to present to the Court. Service upon the Administrator, Tri-County Detention Center, 1026 Shawnee College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution, and pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration & Customs Enforcement.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED**

**DATED: 1/16/2019**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**