# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GYAN KUMAR MANGAR, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DAMON ACUFF, ) <br> ) <br> Respondent. ) | Case No. 18-cv-2178-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On December 13, 2018, Petitioner Gyan Kumar Mangar submitted his Petition for writ of habeas corpus to jail officials for mailing to the Court. (Doc. 1, pp. 9-11). The Petition is brought pursuant to 28 U.S.C. § 2241 and challenges Mangar's detention by Immigration and Customs Enforcement ("ICE"). In the Petition, Mangar sought release from ICE custody because he had been detained for more than six months while awaiting a travel document that he alleged would not be issued in the foreseeable future. (Doc. 1, p. 8).

Now before the Court is Respondent's Motion to Dismiss Petition as Moot. (Doc. 10). A copy of the Motion was mailed to Petitioner at his address of record (the Pulaski County Detention Center). However, the Motion discloses that Petitioner is no longer detained there, having been released on an Order of Supervision on December 17, 2018, the same day the Petition was received and docketed by the Clerk of Court. (Doc. 1; Doc. 10, p. 2). Mangar has not submitted a change of address, and no response from him to the instant motion is expected.

### Analysis

A Petition filed under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length

1

of detention pending removal from the United States. *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001). Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement and his release does not necessarily render his petition moot. However, the petition must still present a "case or controversy" under Article III, Section 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). In this case, as Respondent points out, the only relief Petitioner requested was to be released from detention while awaiting removal. (Doc. 1, p. 8; Doc. 10, p. 2). Thus, Petitioner has in fact received the only relief he sought. As the Court cannot give Petitioner any effective relief, the case has become moot.

### Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 10) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is DIRECTED to enter judgment in accordance with this Order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on

appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: February 11, 2019**

                                              s/ STACI M. YANDLE
                                              Staci M. Yandle
                                              United States District Judge